IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEC V. MATTHEWS,  )  CRIMINAL NO. 8:01-cr-180-T-17-TBM
   Petitioner,   )
             )
vs.           )   8:12-CV-2136-T-17TBM
             )
UNITED STATES OF AMERICA,  )
   Respondent,  )
             )
_____/

# MEMORANDUM OF LAW IN SUPPORT
# OF 28 USC §2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

COMES NOW, Alec V. Matthews, (Hereinafter), petitioner, who respectfully submitts the Memorandum of Law in Support of 28 USC §2255, motion to vacate, set aside, or correct sentence.

## PROCEDURAL HISTORY

This court sentenced petitioner to on April 26th 2002, to 240 months for violation of 21 USC §846 and §841(b)(A)(ii), and violation of 18 USC §924(c)(1)(A) and §924 (c)(1)(A)(i) 5 years consecutive.

Petitioner appealed but was denied relief by the 11th Circuit Court of Appeals on May 15th 2003.

## SUMMARY OF ARGUMENT

Petitioner, contends that the court did not have Jurisdiction to convict or sentence him for indictment that trial court allowed the government to amend during trial.



Petitioner argues that his Attorney was ineffective for agreeing with the Government to amend the indictment during trial and that the Court of United States lack Jurisdiction to convict or sentence him for a crime that he was not indicted for from an Grand Jury. The instrument thus changed, is no longer the indictment of the Grand Jury which presented it, so then the indictment is void.

## STANDARD OF REVIEW

### DRETKE VS HALEY
### 541 US 386, 158 Led 2d 659, 124 S.Ct. 1847 (2004)

Petitioner, contends that he is Actually Innocent, and his conviction and sentence for violation of 21 USC §846, §841 (b)(A)(ii), and violation of 18 USC §924(c)(1)(A) and §924(c)(1)(A)(i), has resulted in a conviction of one who is Actually Innocent of the substative offense. See **Murray vs. Carrier**, 477 US 478 (1986), **Schlup vs Delo**, 513 US 298, 130 Led 2d 808 (1995). Petitioner bases his claim of innocence on his counsels ineffectiveness, by argreeing with the government to amend the indictment, which the court did with the parties agreement. See (Tr-695) and (Tr-696). Counsels ineffectiveness failing to notice that the court of the United States do not have Jurisdiction to amend a indictment during trial.

Although most issues can be waived, procedurally defaulted, or forfeited. Notably, Jurisdictional defects, by contrast, cannot be procedurally defaulted. As Federal Courts are courts of limited Jurisdiction, deriving power soley from Legislative Acts of Congress. See **Insurance Corp of IR vs Compgnie des Baurities de Guinee**, 456 US 694, 701, 102 S.Ct. 2099 72 Led 2d 492 (1982).

This Court therefore cannot deprive power to act from actions of the parties before it. See ID. at 702, consequently parties are incapable of conferring upon the court a Jurisdictional foundation that it otherwise lacks simple by a waiver or procedural default. See **Roy Anthony Harris vs. United States**, 149 F3d 1304, (1998). (Federal Courts, are limited jurisdiction, deriving power solely from Article III of the Constitution and from the legislative acts of congress. The Court therefore cannot derive power to act from the actions of the parties).

Although the trial court reversibly erred in allowing the government to amend the indictment during trial in violation of Matthews right to due process under the Fifth Amendment of the United States Constitution. See **United States vs Narog**, 372 F.3d 1234 (11th Cir. 2004). It is also where as a variance requires reversal only when the defendant can establish that his right were substantially prejudiced thereby, constructive amendment of the indictment is per se reversible error. See **United States v. Keller**, 916 F.2d 628, 634 (11th Cir. 1990) See **United States v. Flynt**, 15 f.3d 1002, 1005-06 (11th Cir. 1994); also see **Stirone v. United States**, 361 U.S. 212, 80 S.Ct. 270 4 L.Ed, 2d 252 (1960). This is not an variance issue. The facts proved that the indictment that was read to the Grand Jury and the government tried it as such, until the parties constructively amended for the jury instructions which they lack jurisdiction to do so. Subject-matter jurisdiction, then is as Article III as well a statutory requirement, if function a restriction on federal power, and contributes to the characterization of action of the parties can confer subject-matter jurisdiction upon a federal court.

Thus, the consent of the parties is irrelevant, <u>California vs LaRue</u>, 409 US 109, 34 L.Ed 2d 342, 93 S.Ct. 390 (1972), principles of estoppel do not apply, <u>American Fire & Caualty Co. v. Finn</u>, 341 U.S. 6, 17-18, 95 L.Ed 702, 71 S.Ct. 534 (1951), and a party does not waive the requirement by failing to challenge jurisdiction early in the proceeding. A Court will raise lack of subject-matter even if the parties fail to raise it. This court not only has the power but also the <u>obligation</u> at anytime to inquire into jurisdiction whenever the possibility that jurisdiction does not exit arise. Cite <u>Phibrook vs Glodgett</u>, 421 U.S. 707. 95 S.Ct. 1893, 44 L. Ed 2d 525 (1975), <u>City of Kenasha vs Kenosha Bruno</u>, 412 U.S. 507, 93 S.Ct. 222, 37 L.Ed 2d 109 (1973), in short, because jurisdictional claims may not be waived or defeulted. Petitioner need not to show cause to raise this claim.

Therefore, by constructive amending the indictment at trial, by passing resubmission to the Grand Jury. Violation the plaintiffs Fifth Amendment Due Process Rights, because the parties and the court lack jurisidction. There is nothing (in the language of the constitution) which the prisoner can "be held to answer." A trial on such indictment is void.

According to principles long settled in this court the prisoner, who stands sentenced to the penitentiary on such trial, is entitled to his discharge by Writ of Habeas Corpus.

Petitioner, therefore request the conviction and sentence to be vacated, because he is innocent as this court lack jurisdiction to impose an sentence on indictment that was constructively amended at trial by parties that lack the Federal Sovereign to do such.

4

Dated _Sept. 20, 2012_

Respectfully Submitted

_Alec Matthews_

Alec V. Matthews
Reg No. 39661-018
USP Atlanta
P.O. Box 150160
Atlanta, Georgia 30315